UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

STEWART V. GLASCOCK AND
FAYE GLASCOCK

CIVIL ACTION

VERSUS

NO. 11-305-JJB

MEDICAL DEPOT, INC.

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment (Doc. 21) filed by the Defendant, Medical Depot, Inc., d/b/a Drive Medical Design & Manufacturing. The Motion is opposed (Doc. 23), and a reply has been filed thereto (Doc. 26). Jurisdiction exists pursuant Title 28 of the United States Code, Section 1332. Oral argument is unnecessary.

I. Factual Background

On September 19, 2010, Stewart Glascock fell to the ground when the cane seat upon which he was sitting folded or collapsed. A cane seat is a walking cane that extends into a three-legged seat or stool. Glascock, who was seventy-five years old and weighed about 145 pounds at the time, originally received a cane seat as a gift in June 2009. Glascock sent the original seat back and was advised that he was using it incorrectly. Medical Depot sent Glascock a second cane seat, which Glascock fell from, and which is the subject of the instant litigation. The Glascock's expert's report concluded that the collapse of the cane seat was consequence of a material failure at the seat to articulation slider joint. Doc. 23-3, at 97. The Glascock's expert testified the configuration or geometry of the seat could have been changed to reduce the loads on the slider, the slider could have been made out of either fiber reinforced plastic or die cast metal to increase its strength, and the product had a non-existent safety factor. Doc. 23-2, at 67, 77–82. Medical Depot's expert concluded that the failure of the cane seat was due to improper

1

use and repeated overloading of the slider hinge on the seat. Doc. 23-6, ¶¶ 5–6. Glascock and his wife, Faye Glascock, subsequently filed this lawsuit against Medical Depot as the manufacturer of the cane seat and/or as someone who holds himself out to be the manufacturer of the cane seat. The Glascocks seek damages and assert that the doctrine of res ipsa loquitur is applicable against Medical Depot, and alternatively, that Medical Depot is liable under the Louisiana Products Liability Act as a result of improper design and/or vice in the original construction of the cane seat and/or the failure to provide adequate warnings regarding the use of the cane seat. Medical Depot now seeks summary judgment on the Glascock's claims.

## II. Motion Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental*

*Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322.

### III.   Analysis

Medical Depot argues it is entitled to summary judgment, because the Glascocks have failed to meet their burden for their LPLA claims, and because the doctrine of res ipsa loquitur does not apply in this matter.

#### A.  Louisiana Product Liability Act Claims

In order to establish manufacturer's liability under the LPLA, a claimant must show (1) damage, (2) proximately caused by, (3) a characteristic of an unreasonably dangerous product, (4) during a reasonably anticipated use of that product. La. Rev. Stat. Ann. § 9:2800.54(A) (1998).

> A product is unreasonably dangerous if and only if:
>
> (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
>
> (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
>
> (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or
>
> (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.

La. Rev. Stat. Ann. § 9:2800.54(B) (1998). Medical Depot argues that the Glascocks have failed to produce any evidence by which a reasonable juror could return a verdict that the subject cane

seat was unreasonably dangerous in design, unreasonably dangerous in composition or construction, or unreasonably dangerous due to inadequate warning. Medical Depot further argues that the Glascocks failed to assert a cause of action for breach of express warranty, so a material issue of fact regarding breach of express warranty should not defeat Medical Depot's Motion for Summary Judgment.

                1.      Unreasonably Dangerous in Construction of Composition

"A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La. Rev. Stat. Ann. § 9:2800.55 (1988). Accordingly, the Plaintiffs must present evidence of Medical Depot's specifications or performance standards for the cane seat or otherwise identical products it manufactures, as well as how the cane seat materially deviated from those specifications or standards. *Milton v. Rapiscan Security Products*, 2005 U.S. Dist. WL 1400433, at *2 (E.D. La. June 6, 2005); *Welch v. Technotrim, Inc.*, 2001-34,355, p. 8 (La. App. 2 Cir. 1/24/01); 778 So. 2d 728, 733.

    Medical Depot argues that the Plaintiffs have failed to present evidence of Medical Depot's specifications or performance standards for the cane seat or otherwise identical products it manufactures, as well as how the cane seat materially deviated from those specifications or standards. Medical Depot additionally presents evidence that the Plaintiffs' expert expressly said he did not even review the manufacturer's design plans or specifications for the product, the Plaintiffs' expert testified that he could not state how the cane seat deviated from the plan or specifications, and the Plaintiffs' expert testified that he does not know if this seat is different from other seats manufactured. Doc. 21-4, p. 7, 35–38. The Plaintiffs' counsel presents no

4

evidence of Medical Depot's specifications or performance standards for the cane seat or otherwise identical products it manufactures, or how the cane seat materially deviated from those specifications or standards. The Plaintiffs' counsel solely states that "[c]learly, in the absence of a defect in the design or composition of this product, it would not have failed in the reasonably anticipated use by the plaintiff." Doc. 23-2, at 8. "Inference of the existence of a vice or defect in a product is not allowed merely on the basis of the fact that an accident occurs." *Jaeger v. Automotive Cas. Ins. Co.*, 95-2448, p. 9 (La. App. 4 Cir. 10/9/96); 682 So. 2d 292, 298. Clearly, the Plaintiffs' counsel does not meet its burden for this element.

2. Unreasonably Dangerous in Design

> A product is unreasonably dangerous in design if, at the time the product left its manufacturer's control:
>
> (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
>
> (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.

La. Rev. Stat. Ann. § 9:2800.56 (1988). The Plaintiffs must therefore present evidence of a feasible alternative design existing when the product left the manufacturer's control that would have prevented the Plaintiff's injury, and perform an analysis to show that the risk avoided by the alternative design outweighed the burden of its adoption. *Seither v. Winnebago Industries, Inc.*, 2002-2091, p. 4–5 (La. App. 4 Cir. 7/2/03); 853 So. 2d 37, 40. The alternative design must be based more than on mere speculation. *Id.* at 41.

5

Medical Depot argues that the Plaintiffs' expert has failed to offer any specific testimony regarding alternative designs to the cane seat and has only offered theoretical alternatives. It further argues that the Plaintiffs' expert has not offered testimony as to whether these alternative designs existed at the time the subject cane seat left Medical Depot. Medical Depot finally argues that because the Plaintiffs' expert does not offer specific design alternatives, he can offer no testimony as to whether the benefits of his suggested design alternatives outweigh the burden of adopting the alternative designs.

In response, the Plaintiffs contend that the configuration or geometry of the seat could have been changed to reduce the loads on the slider, the slider could have been made out of either fiber reinforced plastic or die cast metal to increase its strength, and the product had an insufficient or non-existent safety factor.[1] The Plaintiffs also argue that Louisiana courts have found products defective without evidence of specific alternative designs or materials. It cites two cases for this proposition: *Darbonne v. Wal-Mart Stores, Inc.*, 2000-551 (La. App. 3 Cir. 11/2/00); 774 So.2d 1022, and *Ellis v. Weasler Engineering, Inc.*, 258 F.3d 326 (5th Cir. 2001).

A number of cases have discussed what constitutes sufficient evidence of a feasible alternative design. *Seither v. Winnebago Industries, Inc.* was a suit against the manufacturer of a recreational vehicle, by the family of a man killed while operating the recreational vehicle. 853 So. 2d at 38–39. Evaluating a claim for defective design, the Court found that the plaintiffs presented no valid alternative design for the recreational vehicle. *Id.* at 41. The plaintiffs' expert determined that the "appropriate alternative design was to stretch the front end of this vehicle out," and "he presented a mock-up of a Dodge Ram van." *Id.* at 40–41. The Court found that the expert did not outline his design criteria, did not produce engineering drawings, did not

---

[1] While the Plaintiffs' counsel points to the location in the expert's deposition referencing an insufficient or non-existent safety factor, for the other evidence he solely references the 109 page exhibit he submitted, as if the Court has time to do the attorney's job and scour the document for this information.

establish dimensions, and had done no analysis or testing. *Id.* at 41. The Court found the expert merely presented a concept that was untested, unengineered, and not presented in any fashion more than mere speculation. *Id. Moore v. BASF Corp.*, 2012 U.S. Dist. WL 6025917, at *1 (E.D. La. Dec. 4, 2012), was a suit by a painter against the manufacturers of benzene or benzene-containing products, arising from a deceased painter's alleged exposure to products containing benzene. Evaluating the plaintiffs' defective design claim, the court noted that "[t]he alternative design proposed must be reasonably specific and not based on mere speculation." *Id.* at *4. The plaintiffs' expert "suggested that a quality-control program could have been used to ensure that the products' components did not contain benzene, but he did not suggest any particular solvents that would have eliminated the purported traces of benzene." *Id.* The plaintiffs' expert also suggested use of a purification process to study and remove contaminants, but provided no specifics about the method other than saying different distillation processes and chemical additions can expel benzene. *Id.* The court found these conclusions "far too vague," since the expert did not identify the components to be replaced or explain how the purification process would operate.

The Court of Appeals for the Fifth Circuit, in *Morgan v. Gaylord Container Corp.*, 30 F.3d 586, 590 (5th Cir. 1994), addressed the requirement that the design alternative must be in existence at the time the product leaves the manufacturer's control. *Morgan* held that evidence that the alternative design exists at the time the product leaves the manufacturer's control is required. *Id. Moore* also noted that the plaintiffs' expert did not establish that alternatives were available during the period which the decedent was exposed to the plaintiffs' products. 2012 U.S. Dist. WL 6025917, at *4.

7

Case 3:11-cv-00305-JJB-MJU   Document 27   01/29/13   Page 7 of 11

The Plaintiffs' expert's "example" of what the slider material could be changed to—a die cast alloy or fiber-reinforced plastic, his idea to change the geometry of the seat, and his conclusion that the seat has a non-existent safety factor, do not present a valid alternative design for the cane seat. Doc. 23-3, at 64–69, 77–84. The Plaintiffs' expert testified in his deposition that his suggestion of geometric changes to the seat, and the use of different materials, was speculative. *Id.* at 83. Furthermore, the Plaintiffs' expert testified that he does not have a specific geometry for the seat that he would recommend, and has not redesigned the seat. *Id.* at 81–82. It is telling that the Plaintiffs' expert states "the design flaw possibly—as we said before, it's speculation—could possibly have been resolved—been solved by a different material. It could possibly be solved by a change in geometry using the same material." *Id.* at 87. The Plaintiffs have not presented evidence of a feasible alternative design; nor have they argued, much less presented evidence, that it existed at the time the cane seat left Medical Depot's control. As in *Seither* and *Moore*, the Plaintiffs suggestions are untested, unengineered, not presented in any fashion more than mere speculation, and are far too vague to constitute a feasible alternative design.

Finally, the Plaintiffs' cases attempting to show specifics are not necessary are inapposite. *Darbonne* does not address whether a product is unreasonably dangerous in design, and did not address the requirement here that the plaintiff present evidence of a feasible alternative design. It addresses whether a product was unreasonably dangerous in construction or composition. *Darbonne*, 774 So. 2d at 1029–31. *Ellis* also does not address the requirement that a plaintiff must present evidence of a feasible alternative design. It addresses the reasonably anticipated

8

Case 3:11-cv-00305-JJB-MJU   Document 27   01/29/13   Page 8 of 11

use of a product.  *Ellis*, 258 F.3d at 334–36.[2]  Accordingly, the Plaintiffs fail to present evidence that the cane seat is unreasonably dangerous in design.

          3.      Unreasonably Dangerous because Adequate Warning not Provided

> A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

La. Rev. Stat. Ann. § 9:2800.57(A) (1988).  The LPLA defines an "adequate warning" as:

> a warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made.

La. Rev. Stat. Ann. § 9:2800.53(9) (1988).  "An essential element of a plaintiff's cause of action for failure to warn of a product's danger is that there be some reasonable connection between the omission of the manufacturer and the damage which the plaintiff has suffered."  *Delery v. Prudential Ins. Co.*, 94-0352, p. 8 (La. App. 4 Cir. 9/29/94); 643 So. 2d 807, 814.  "A mere allegation of inadequacy is insufficient for a plaintiff to survive summary judgment on a failure-to-warn claim."  *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 264 (5th Cir. 2002).  The Plaintiffs "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial to defeat summary judgment."  *Id.* at 265.

      The Plaintiffs' counsel does not even mention this claim in his opposition, much less present evidence in support of it.  The allegation of inadequacy is therefore insufficient for the Plaintiffs to survive summary judgment on this claim.

---

[2] The Plaintiffs' counsel also inexplicably cites, in the middle of argument, Federal Rule of Civil Procedure 50, which governs judgment as a matter of law during a jury trial.  Rule 50 is not applicable to this Motion.

9

### 4. Unreasonably Dangerous because does not Conform to Express Warranty of Manufacturer about the Product

The Plaintiffs' counsel's opposition barely attempts to show the Court that genuine issues of fact exist for trial on the claims pled in the Complaint. The Plaintiffs' counsel makes more of an attempt to create a genuine issue of fact on the element of whether the cane seat is unreasonably dangerous because it does not conform to the manufacturer's express warranty about the product. However, the Plaintiffs' counsel did not plead a claim for breach of express warranty. As no claim was pled for breach of express warranty, this issue is not before the Court.

### B. Res Ipsa Loquitur Claim

The doctrine of res ipsa loquitur involves a plaintiff's using circumstantial evidence alone to meet the burden of proof by a preponderance of the evidence and aids the plaintiff in presenting a prima facie case when direct evidence is not available. *Linnear v. CenterPoint Entergy Entex/Reliant Energy*, 2006-3030, p. 6–7 (La. 9/5/07); 966 So. 2d 36, 41–42. "The doctrine, meaning 'the thing speaks for itself,' permits the inference of negligence on the part of the defendant from the circumstances surrounding the injury." *Id.* at 41. Res ipsa loquitur has been applied in products liability actions when the court is presented with circumstantial evidence which excludes other reasonable hypotheses with a fair amount of certainty." *State Farm Mut. Auto. Ins. Co. v. Wrap-On Co., Inc.*, 626 So. 2d 874, 877 (La. Ct. App. 1993). This occurs when "the only reasonable and fair conclusion is that the accident resulted from a breach of duty or omission on the part of the defendant." *Jurls v. Ford Motor Co.*, 2000-32,125, p. 8 (La. App. 2 Cir. 1/6/00); 752 So. 2d 260, 265. To do this, the "Plaintiffs need to sufficiently exclude inference of the plaintiff's own responsibility or the responsibility of others besides [the]

defendant in causing the accident." *Lawson v. Mitsubishi Motor Sales of Am., Inc.*, 2005-0257, p. 20–21 (La. 9/6/06); 938 So. 2d 35, 50.

This issue therefore turns on whether the Plaintiffs have sufficiently excluded inference of Mr. Glascock or someone else causing the accident. One reasonable hypothesis for the cause of the accident presented by Medical Depot's expert is that the failure of the cane seat was due to improper use and repeated overloading of the slider hinge on the seat. Doc. 23-6, ¶¶ 5–6.

Here, as elsewhere, the Plaintiffs' counsel fails to satisfy his burden. Plaintiffs' counsel fails to respond to any of Medical Depot's arguments or evidence regarding what else may have caused the product to fail, such as improper use or repeated overloading. Stating "[c]learly, in the absence of a defect in the design or composition of this product, it would not have failed," is insufficient to exclude inference of the Plaintiff's own responsibility. The Plaintiffs therefore do not sufficiently exclude inference of the Plaintiff's own responsibility in causing the accident, and res ipsa loquitur is inapplicable to this case.

IV. Conclusion

Accordingly, Medical Depot, Inc.'s Motion for Summary Judgment (Doc. 21) is **GRANTED**.

Signed in Baton Rouge, Louisiana, on January 28, 2013.

**JAMES J. BRADY, DISTRICT JUDGE**